UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 3:18CR293(JCH) |
| | : | |
| v. | : | |
| | : | |
| DANIEL FLEISCHAUER | : | July 7, 2019 |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The Government respectfully submits this Sentencing Memorandum with regard to defendant Daniel Fleischauer who is currently scheduled to be sentenced by this Court on July 9, 2019.

### I.  Introduction and Offense Conduct

Mr. Daniel Fleischauer, looked for minors online, talked with them, convinced them to trust him, and persuaded them to send him sexually explicit images of themselves. He used online apps, including Kik and Cyphr, to find minors and chat with them. Through the conversations, he groomed the minors to share sexually explicit images of themselves with him. At times, he also sent them obscene images of himself. The minors ranged in age from teens to as young as eight.

Mr. Fleischauer and his family knew he was into child pornography. Years ago, the family staged an intervention in response to his child pornography activities, but the effects of the intervention did not last. Since that time, he grew to present a greater danger to minors. He no longer limited himself to looking at the selection of old images circulating and re-circulating on the internet. Instead, he went online and found minors who were interactive and became their

1

ersatz friend and confidant. He convinced them they could trust him. Then he persuaded them to take sexually explicit images of themselves and send them to him.

When he committed this offense conduct, Mr. Fleischauer already knew firsthand what going to prison entails. He had served two years, seven months in state prison for second degree manslaughter in connection with the drowning death of his older brother.

Neither the family intervention, nor his prior time in prison, provided sufficient impetus for Mr. Fleischauer to alter his course and stop sexually exploiting minors for his own sexual gratification. This is the case even though his offense conduct occurred over a span of time and afforded him an opportunity to reflect. His actions did not typically produce instantaneous results; rather, he had to invest time to find the minors, develop relationships with them, gain their trust, and then manipulate them into making and sending him sexually explicit images of themselves. This process afforded Mr. Fleischauer multiple opportunities to change the direction he was heading, but he did not do so.

Currently, Mr. Fleischauer's risk to re-offend is high. The Doctor who evaluated him further indicated that significant clinical intervention would be required to mitigate his risk to re-offend.

Mr. Fleischauer stands before the Court convicted of violating of 18 U.S.C. §2422(b). A sentence in the range of 17.5 years to 21.9 years (210-262 months) of imprisonment followed by 5 years to life of supervised release is the Guidelines range for a person with his criminal history score who has engaged in this type of offense conduct.

In light of the offense conduct Mr. Fleischauer committed, and his need for robust, continuous supervision and meaningful treatment, a lengthy custodial sentence followed by a

substantial term of supervised release is warranted, appropriate, and consistent with all the factors in Title 18, United States Code, Section 3553(a).

## II.     Sentencing Factors including 18 U.S.C. § 3553(a) and the Sentencing Guidelines

### A.  Statutory Maximums and Mandatory Provisions

On the count of conviction, Mr. Fleischauer faces a statutory maximum term of imprisonment of life, a mandatory minimum of ten (10) years. See 18 U.S.C. §2422(b); PSR ¶ 92.  He also faces a term of supervised release up to life, and a mandatory minimum term of supervised release of (5) years. See 18 U.S.C. §3583(k); PSR ¶ 95. He faces a fine up to $250,000, and special assessments of $100 and $5,000. See 18 U.S.C. §§3571, 3013, 3014; PSR ¶¶ 99, 100.

### B.  Sentencing Guidelines Calculation

Pursuant to the Presentence Report, the base offense level for the offense is twelve (28), U.S.S.G. §§ 2G1.3(a)(3), two (2) levels are added because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice or coerce or facilitate the travel of a minor to engage in prohibited sexual conduct. U.S.S.G. § 2G1.3(b)(3), PSR ¶¶ 22, 23. Additionally, eight (8) levels are added because the offense involved the use of a minor who had not attained the age of twelve.  U.S.S.G. § 2G1.3(b)(5), PSR ¶24.   Assuming the Court reduces Mr. Fleischauer's offense level by three (3) points for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1 (a) and (b), the defendant's final offense level will be 35. PSR ¶¶ 30-32.

Mr. Fleischauer has six criminal history points, resulting in a criminal history category III. PSR ¶¶ 36-39.  So, with an offense level 35 and criminal history category III, Mr. Fleischauer's guideline range is 210 to 262 months of imprisonment, to be followed by a term of

supervised release of 5 years to life, and a fine between $40,000 and $250,000. PSR ¶¶ 93, 96, 101.

### C. Application of the Sentencing Guidelines

Both the Supreme Court and the Court of Appeals expect "sentencing judges faithfully to discharge their statutory obligation to consider the Guidelines and all of the other factors listed in section 3553(a), . . . and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice." *Crosby*, 397 F.3d at 113-14.

Section 3553(a) provides that the sentencing court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." It then sets forth seven specific considerations:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];
> (5) any pertinent policy statement [issued by the Sentencing Commission];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a).

### D. <u>Nature and Circumstances of the Offense</u>

Mr. Fleischauer used the Kik and Cyphr apps to meet minors online, befriend them, and eventually persuade them to provide him with sexually explicit images. He saved many of the images in his computer equipment and organized them into files labeled with a first name and--at times--an age. A review of Mr. Fleischauer's seized computer equipment revealed these files. One had the number "8" as part of the file name and the images revealed that Mr. Fleischauer had engaged in online activity with a minor who looked approximately eight years old.

Mr. Fleischauer admitted his conduct to law enforcement the day a search was conducted at his residence. Later that day, after a complaint and arrest warrant were authorized, Mr. Fleischauer was arrested. On the ride to court the next morning, he continued trying to recall each minor with whom he had engaged in such conduct. His efforts continued through multiple meetings with the government (in the presence of his counsel). In later meeting sessions, Mr. Fleischauer was shown still images that contained only the faces (no sexually explicit content) of the minors whose images were filed in his computer. He recalled their screen names or first names, often their ages, and sometimes the state or part of the country where some lived. In the end, though, Mr. Fleischauer was unable to recall sufficient details to permit law enforcement to identify or locate any of the minors. While Mr. Fleischauer engaged with law enforcement at the meeting sessions and appeared to share what he could recall (and his counsel attempted to follow up on certain collateral details to see if they could be converted into a specific location, address or last name), his efforts did not result in the location or identification of any of the victims.

### E.  History and Characteristics of the Defendant

Mr. Fleischauer is now 33 years old.  He has not been married and has no children.  While he grew up in a two-parent household, it was not a nurturing environment for him.  He struggled emotionally as a result of an alcoholic father and the treatment he received from his two older half-brothers. He developed emotional and behavioral issues as early as age 10 (documented through his school evaluations) and was first hospitalization in connection with these issues at age 13.  For years thereafter, he attended an alternative school in Hamden, but ultimately he returned to Guilford High School to finish his high school education and graduate, reportedly in 2004.

In 2009, he was out drinking with one of his older brothers.  On the way home, Mr. Fleischauer drive their car off a pier into Long Island Sound.  He escaped, but his brother drowned.  This resulted in a subsequent hospitalization in connection with his mental health related issues.  It also resulted in his convictions for Driving Under the Influence and Manslaughter in the Second Degree.

Mr. Fleischauer has received both in-patient and out-patient counseling for depression and post-traumatic stress symptoms.  In addition, while in state custody, he was accepted into a drug and alcohol treatment program and was transferred to a specific institution to participate in the program.

Mr. Fleischauer's most recent evaluation indicates he has Borderline Personality Disorder and Pedophilic Disorder, along with other conditions.  As Dr. Bardey concluded in his evaluation report, dated June 5, 2019,

> Although not charged with a contact offense, Mr. Fleischauer's multiple psychiatric diagnoses, along with his own report of his online relationships with young girls that included plans to physically meet with them, places him at a

6

>higher risk of both reoffending and of engaging in an actual contact offense than an individual who has done little more than view images of child pornography.

(Evaluation report, p.19)

### F.  Deterrence, Protecting the Public, Needed Treatment

Both specific and general deterrence are relevant in this case.

In terms of general deterrence, it is imperative to put on notice would-be offenders who are tempted to lurk online, hide behind a computer screen, and manipulate teens, tweens, and even younger children into sexual activity and making photos and movies of that activity.  Those would-be offenders must be reminded that (1) this conduct is illegal—these are serious federal offenses, not merely taboo sexual behaviors, (2) these crimes carry heavy criminal penalties, and (3) this conduct can severely harm the minors for years into the future, or even the rest of their lives.

In terms of specific deterrence, Mr. Fleischauer's letter to the Court indicates that he wants to be deterred from similar conduct in the future.  The measures Mr. Fleischauer listed in his letter and the conclusions in Dr. Bardey's psychiatric evaluation report implicitly indicate that deterring the defendant from re-offending in the future is going to be an uphill battle.  In the psychiatric evaluation, Dr. Bardey recognizes that Mr. Fleischauer,

>...has manifested a propensity for addictive behaviors, as evidenced by his alcohol abuse which, despite incarceration and treatment, he was unable to abstain from; [and] his reported 'hypersexuality' and reported early onset interest in child pornography, which despite intervention from his family, could not be overcome.

(Evaluation Report, p. 18).  Thereafter, Mr. Fleischauer's "…interest in child pornography then advanced…into 'online relationships' with underage girls some of whom, he said he was 'engaged' to and was planning to meet."  Id.

7

According to Dr. Bardey's report, "...at this time, Fleischauer has limited insight into his behaviors and has yet to take full responsibility to for his actions, though it appears, at this time, he is willing to do so." Id. at 19. In Mr. Fleischauer's letter to the Court, his effort to gain insight shows in his statement, "I hurt [the young girls] in the same way I was hurt. I took advantage of them and know they will have depression, PTSD, anxiety, trust issues, and difficulties forming relationships." The government would submit, though, that Mr. Fleischauer still has some distance to cover in this regard. Deeper insight would include an acknowledgement that he took advantage of young girls who were already struggling with issues such as those he listed and, therefore, were easier targets for him to manipulate. Also, to the extent the victims had trust issues before being exploited by Mr. Fleischauer, his actions may have made their trust issues substantially worse.

Deterring Mr. Fleischauer from sexually exploiting a minor in the future, protecting the public from the dangers he presents—online or in person, and acknowledging the seriousness of the crimes he has committed, all weigh in favor of lengthy period of imprisonment followed by a lengthy, robust period of supervised release. Currently, Mr. Fleischauer's risk to reoffend is high unless significant clinical interventions are put into place that will mitigate his risk to reoffend. (Evaluation Report, p. 19). Accordingly, he should be recommended for sex offender therapy while incarcerated in the Bureau of Prisons. Thereafter, during his term of supervised release, he should receive "continuous, meaningful therapy specifically oriented to sexual behavior [.]" See Id. at 19. As Dr. Bardey recommends, if Mr. Fleischauer were to engage in *meaningful* treatment to directly address both his paraphilia and Borderline Personality Disorder, in addition to continuous monitoring of depressive symptoms and alcohol use, the risk to recidivate could be significantly reduced." Id. at 19, (emphasis in original).

### III. **Conclusion**

Mr. Fleischauer hurt young girls when he met them online, manipulated them and persuaded them to make and send him sexually explicit images of themselves. This conduct presented a greater danger to minors than his prior involvement with child pornography, which caused his family to conduct an intervention. His actions warrant a lengthy term of incarceration.

Mr. Fleischauer's background and mental health conditions have contributed to the situation he is in, but they do not mitigate the appropriateness of a lengthy sentence in this case. The defendant notes in his letter that he could have sought counseling to address this conduct. And, in light of his prior hospitalizations, Mr. Fleischauer knew--better than many others-- where to seek help. Nevertheless, he did not do so.

To protect minors from sexual exploitation in the future, the term of imprisonment must be followed by a lengthy term of robust supervision with conditions that provide for, *inter alia*, continuous monitoring of Mr. Fleischauer's depressive symptoms and alcohol use, as well as a commitment to engage in meaningful treatment of his other, more serious mental health conditions. Id. at 19.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Anastasia E. King*

ANASTASIA E. KING
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT 24192
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.: (203) 821-3700 / Fax: (203) 773-5376
Email:      anastasia.king@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2019, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    */s/ Anastasia E. King*

ANASTASIA E. KING
ASSISTANT UNITED STATES ATTORNEY