AO245b (USDC-CT Rev. 9/07)

Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NO. *3:18CR293 (JCH)*<br>USM NO: *25645-014* |
| Daniel Fleischauer | *Anastasia Enos King*<br>Assistant United States Attorney |
| | *Tracy Hayes*<br>Defendant's Attorney |

**THE DEFENDANT:** pled guilty to count <u>1</u> of an Information.

Accordingly the defendant is adjudicated guilty of the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| Title 18, United States Code, Section 2422(b) | Enticement of a Minor to Engage in Illegal Sexual Activity | December 2017 | 1 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The sentence imposed is a non-guideline sentence. The sentence reflects the seriousness of the offense balanced against the need to protect the public and victims, and to provide the defendant with needed treatment. The sentence is adequate to accomplish the need for sentencing.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 168 months with credit for time served from 12/13/2017.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 10 years. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:
    1.   The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment as directed on an outpatient basis by the Probation Office. If the Probation Office determines inpatient treatment is appropriate, then a recommendation shall be submitted to the court for approval. The defendant shall follow all rules and regulations of the program which may include polygraph testing. The Probation Office shall supervise the defendant's participation in the program. The defendant shall pay all or a portion of the costs associated with treatment based on the defendant's ability to pay as determined by the Probation Office and approved by the court.
    2.   The defendant shall not use computers, any device with internet capability, or any similar electronic devices to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The defendant shall consent to the use of any computer program which shall monitor suspect computer use on any computer owned or controlled by the defendant. The program(s) used will be designed to identify, for th Probation Office, only the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a sexual nature. Suspect computer use shall be identified by the installed program and/or the Probation Office through the screening of the defendant's computer usage for certain key words, phrases, and images. The defendant must pay all or a portion of the costs associated with such computer monitoring based upon the defendant's ability to pay as determined by the Probation Office and approved by the court.
    3.   The defendant must not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Office.
    4.   Upon completion of any sex offender treatment program, the defendant must submit to periodic polygraph testing at the discretion of the Probation Office. The defendant shall pay all or a portion of the costs associated with testing based upon the defendant's ability to pay as determined by the Probation Office and as approved by the court.
    5.   The defendant must not loiter around playgrounds, schools, youth oriented organizations/clubs, or any other location where children under the age of 18 are known to congregate. The defendant must not associate with or have contact with convicted

sex offenders or those considered inappropriate by the Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling program.

      6. The defendant must participate in a program recommended by the Probation Office and approved by the court for outpatient substance abuse treatment and testing. The defendant shall follow all rules and regulations of the program. The Probation Office shall supervise the defendant's participation in the program. The defendant shall pay all or a portion of the costs associated with treatment based on the defendant's ability to pay as determined by the Probation Office and approved by the court.

      7. The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.

      8. The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18.

      9. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) as directed by the Probation Office, Bureau of Prisons, or any state sex offender registration agency, for the state in which he resides, works, is a student, or was convicted of a qualifying offense.

      10. The defendant shall obtain and maintain employment at least 40 hours per week. The defendant's employment hours may be reduced by any time necessary to participate in sex offender and/or mental health treatment. This condition overrides Standard Condition #7.

      11. The defendant shall permit the Probation Office, accompanied by either local, state, or Federal law enforcement authorities, upon reasonable suspicion, to conduct a search of the defendant's residence, automobile, and workplace for the presence of sexually explicit materials involving minors. The defendant must warn any other residents/occupants that the vehicle/premises may be subject to search pursuant to this condition.

      12. The defendant shall be on GPS monitoring for the first 6 months of supervised release. The defendant shall pay all or a portion of the costs associated with monitoring based on the defendant's ability to pay as determined by the Probation Office and approved by the court.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | |
|---|---|
| **Special Assessment:** | $100.00 to be paid immediately. |
| **Forfeiture:** | Dell Optiplex 990 CPU, no serial number; HP Laptop, silver, serial number 5CG407ISS7; Seagate Hard Drive 500 GB serial number 9QG3Z9X9; Maxtor Hard Drive 80 GB, no serial number; Quantum Hard Drive, serial number 136921573237; Hitachi Desk Star Hard Drive 400 GB, R3DT7MDK; Seagate Hard Drive 160 GB, no serial number; Toshiba Hard Drive, 160 GB, serial number X7EETIVBT; Western Digital Hard Drive 500 GB serial number WX71C9026778; Western Digital Hard Drive 250 GB, WX21ABOR7243; Western Digital Hard Drive 1TB, serial number WX61AB3V1169; Western Digital Hard Drive 500 GB serial number WCC2E5ES8XJJ; Seagate Hard Drive 160 GB, serial number 4MT0ZS2X; Hitachi Travel Star Hard Drive 80 GB, serial number MPCDN7Y4GYSKUL; Alcatel One Touch Cell Phone, silver/black, no serial number; Alienware Laptop, silver, no serial number; Asus Laptop, serial number F4N0CJ094094179; Asus Laptop, black, no serial number; Samsung Galaxy S6 Cell Phone, no serial number; Lenovo Thinkpad Laptop, no serial number; all forfeited pursuant to the Final Order of Forfeiture. |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

      The defendant shall be afforded participation in the sex offender residential treatment program. The court requests that the Bureau of Prisons report to the court if it offered the program to the defendant and, if so, whether the defendant opted to participate or declined. In addition to the special programming, the defendant shall be afforded any available mental health treatment. Upon completion of the sex offender treatment program, the defendant shall be afforded participation in educational/vocational training programs. **The defendant is remanded to the custody of the United States Marshal.**

 

                                      7/9/2019
                                      Date of Imposition of Sentence

                                    /s/ Janet C. Hall
                                    Janet C. Hall
                                    United States District Judge
                                    Date: 7/11/2019

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■ ) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4)☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6) ■ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          ~~Date~~ _____
　　　　　Defendant

_____          ~~Date~~ _____
U.S. Probation Officer/Designated Witness

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
　　　Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____
　　　　　　　　　　　Brian Taylor
　　　　　　　　Acting United States Marshal

By _____
　　　　　　　　　Deputy Marshal